NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALLACE JONES, | No. 17-55213 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-09872-SS |
| v. | |
| THE BEST SERVICE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding**

Submitted October 23, 2017***

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges

Wallace Jones appeals pro se from the district court's judgment dismissing

his action alleging violations of the Fair Credit Reporting Act ("FCRA") and the

Fair Debt Collection Practices Act ("FDCPA").  We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017).  We affirm.

The district court properly dismissed Jones's FCRA claim because Jones failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is one of the permissible purposes under the FCRA.  *See* 15 U.S.C. § 1681b(a)(3)(A); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Jones's FDCPA claim because Jones failed to allege facts sufficient to show actionable conduct under the FDCPA.  *See* 15 U.S.C. § 1692e(2)(A) (explaining prohibited practices under the FDCPA); *Hebbe*, 627 F.3d at 341-42.

We do not consider claims dismissed with leave to amend that Jones failed to re-allege in his second amended complaint.  *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) (failure to replead claims after dismissal with leave to amend amounts to waiver).

**AFFIRMED.**

17-55213